## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **WILLIE BAYLES,** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **WALMART, INC.,** | * | |
| | * | |
| **Defendant.** | * | **MAGISTRATE** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>NOTICE FOR REMOVAL</u>

TO:    The Honorable Judges of the United States District Court for the Western District of Louisiana, Monroe Division.

NOW INTO COURT, through undersigned counsel, comes defendant, Walmart Inc. (erroneously named in Plaintiff's Petition as "Walmart, Inc." and hereinafter referred to as "Walmart" or "Defendant"), who hereby removes from the Fourth Judicial District Court, State of Louisiana, to the United States District Court for the Western District of Louisiana, Monroe Division, the following described and captioned lawsuit, and respectfully shows that:

### I.

Petitioner for removal is the defendant in a civil action pending in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, entitled and captioned: *Willie Bayles vs. Walmart, Inc.* Case No. 2020-3116, Section C3. Copies of the Service of Process Transmittal, Citation, Petition for Damages and Defendant's Motion for Extension to Plead are attached and, based upon undersigned counsel's knowledge and belief, constitute all process, pleadings, and orders served upon petitioner for removal/defendant, or filed in the state court action.

II.

The above-described lawsuit was commenced and filed on November 18, 2020, and service of process was completed on Walmart on November 30, 2020.

III.

Plaintiff's state court action is removable to this Honorable Court, pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship), as the alleged amount in controversy could exceed the sum of $75,000, exclusive of interest and costs, and the controversy is wholly between citizens of different states.  Consequently, pursuant to 28 U.S.C. § 1441(a), this case may be removed to this Honorable Court for the following reasons:

A.   At the time of the filing of this Notice of Removal, Plaintiff is a citizen of the State of Louisiana.

B.   Defendant, Walmart Inc., is a corporation formed in the State of Delaware and has its principal place of business in the State of Arkansas.

C.   This action involves a claim in which Plaintiff's damages allegedly exceed $75,000. Plaintiff alleges that she was terminated because of her age and alleged disability in violation of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA) and Louisiana's anti-discrimination statues and was also retaliated against.[1]

IV.

The lawsuit seeks damages including  lost wages and benefits and emotional distress and pain and suffering, which "Plaintiff calculates to be in total one hundred thousand dollars ($100,000)" plus other damages, including front pay.[2]

---

[1] Petition at ¶¶ 1, 5-7.
[2] Petition at Prayer for Relief.

V.

At the time of Plaintiff's termination, she was earning approximately $29,000 per year. Accordingly, Plaintiff's lost wages claim at the time of trial could exceed $60,000.  In addition, assuming that Plaintiff is entitled to the attorneys' fees claimed, an award for those fees could range from $20,000 to $40,000.  In addition, awards for mental anguish, emotional distress and defamation could also exceed $75,000.  Accordingly, in addition to Plaintiff's admission that claimed damages exceed $100,000, it is facially apparent from the Petition that the amount in controversy could exceed $75,000.  See, *Gebbia v. Walmart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (facially apparent that amount in controversy requirement met when the plaintiff sought punitive damages, attorney's fees, pre-judgment interest, court costs, and compensatory damages for lost pay, lost fringe benefits, front pay, loss of wage earning capacity, harm to [plaintiff's] credit and credit reputation and mental anguish and emotional distress); *Martin v. Southwest. PCS, LP*, 2003 WL 22477692, at *1 (W.D. Tex. 11/03/2003) (the plaintiff's request for damages for past and future lost wages, non-pecuniary damages for severe emotional distress, injury to reputation, and punitive damages facially demonstrated a claim in excess of $75,000); *Murphy v. Provident Life and Accident Ins. Co.*, 2008 WL 11334562 at *6 (W.D. Tex. 06/17/2008) (the amount in controversy was met where the pro se plaintiff sought multiple elements of damages, attorney's fees and "such other and further relief") and *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002) (the Court must consider the claims in the state court petition as they existed at the time of removal); *Brown v. Catalyst Recovery of Louisiana*, 01-1370 (La. App. 3 Cir. 4/3/02), 813 So.2d 1156 ($30,000 for emotional distress damages for a wrongful termination in retaliation for reporting OSHA violations).

VI.

Because complete diversity exists between Plaintiff and Walmart, and the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, this Honorable Court is vested with federal subject matter jurisdiction over this action.  Because Walmart is not a citizen of the State of Louisiana, where this action is pending, removal of this action is proper pursuant to 28 U.S.C. § 1441.

VII.

Less than thirty days have elapsed since receipt by Walmart of Plaintiff's original Petition filed in the state court action or notice of the state court action.  Therefore, pursuant to 28 U.S.C. § 1446(b), this action has been timely removed to this Court based on diversity jurisdiction.

VIII.

Upon the filing of this motion, Defendant has, at the same time, given written notice to Plaintiff, through his counsel, by furnishing copies of this Notice and attachments.  Defendant has filed a notice of this Removal in the state court as well.

WHEREFORE, based upon this Honorable Court's original jurisdiction over diverse citizens, petitioner for removal/defendant, respectfully requests that this case proceed in this Honorable Court, as an action properly removed.

Respectfully submitted,

*/s/ Stephen P. Beiser*
STEPHEN P. BEISER, T.A.  (#14074)
SHANNON S. SALE (#30080)
MᴄGʟɪɴᴄʜᴇʏ Sᴛᴀꜰꜰᴏʀᴅ, PLLC
601 Poydras Street – 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile (504) 324-0965

**ATTORNEYS FOR DEFENDANT,
WALMART INC.**


**CERTIFICATE OF SERVICE**

I certify that on December 21, 2020, a copy of this pleading was filed electronically with

the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all know counsel

of record by operation of the court's CM/ECF system.


*/s/ Stephen P. Beiser*
STEPHEN P. BEISER